```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**GILBERTO AGUILAR PENA**                                              **PLAINTIFF**

v.                      Civil No.   11-cv-5017

**SIX UNKNOWN AGENTS ET AL.**                                          **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate at CI Big Spring Correctional Institution, at Big Spring, Texas, has filed a pleading entitled "Civil Rights Action Under 42 U.S.C. § 1983." (Doc. 1). Plaintiff did not pay the filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP"). (Doc. 5).

The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to section 1915A.

**I.    BACKGROUND**

Plaintiff's Complaint was first received at the Court on December 6, 2010, and was incorrectly filed as a habeas corpus petition.  (Doc.  2).  Plaintiff's Complaint was then provisionally filed to open the above-styled case and Plaintiff

was sent a blank IFP form and was requested to complete the form and return it to the Court.  (Id.)

## II.  APPLICABLE LAW

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b) (On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief). See also 28 U.S.C. § 1915(c)(2)(B)(i-iii).

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a). That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after

docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F. Supp. 1392, 1397 (D. Minn. 1997). Thus, in order to

-3-

state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States. See 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's complaint in this case names as defendants persons who are immune from suit and also fails to state sufficient facts to state a claim.

### III.     Discussion

#### A.  Economic Status

Plaintiff has submitted an affidavit in support of his Motion to Proceed IFP. (Doc. 5). In this affidavit, Plaintiff states he is currently incarcerated, but is employed by the institution and was paid $17.64 on January 1, 2011, as a result of that employment. (Id.) Plaintiff further states he has no other assets or items of value. (Id.) The Certificate completed by Plaintiff's institution of incarceration certifies that Plaintiff has $12.86 on account to his credit and his past six months average balance was $22.61, as was his average monthly deposit. (Id.) The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for IFP status.

Thus, I recommend that Plaintiff's Complaint be filed.

However, the court must further inquire as to whether Plaintiff's claims are frivolous, fail to state a claim upon which relief may be granted, or are asserted against individuals who are immune from suit, as noted above. The Court continues with that analysis, below.

**B.  Defendant President Barack Obama**

The Supreme Court has recognized that there are some officials whose special functions require a full exemption from liability for their performance of official acts. The list of those entitled to absolute immunity from civil liability includes the President of the United States for his official acts, Nixon v. Fitzgerald, 457 U.S. 731, 756 (1982); judges in courts of general jurisdiction for judicial acts, Stump v. Sparkman, 435 U.S. 349, 359-60, (1978); Pierson v. Ray, 386 U.S. 547, 554 (1967); prosecutors for prosecutorial functions, Imbler v. Pachtman, 424 U.S. 409, 427 (1976); and certain executive officials performing certain judicial and prosecutorial functions in their official capacities, Butz v. Economou, 438 U.S. 478 at 514-15 (1978). Even government officials whose special functions do not require a full exemption from liability may have a more limited qualified immunity for their official acts, e.g., Procunier v. Navarette, 434 U.S. 555, 561 (1978) (prison officials); Wood v.

Strickland, 420 U.S. 308, 321-22 (1975) (school officials); Scheuer v. Rhodes, 416 U.S. 232, 247 (1974) (officers of the Executive Branch); Pierson v. Ray, 386 U.S. 547, 557 (1967) (police officers making an arrest).

Plaintiff's claims against President Barack Obama would stem from Mr. Obama's role as President and chief executive. Any act or omission of President Obama that Plaintiff raises in his Complaint would be precluded by the President's absolute civil liability immunity for his official acts. Likewise, Plaintiff's complaint lacks any allegation that the President did (or failed to do) anything that violated any federal statutory or constitutional right of Plaintiff. The liability Plaintiff attempts to connect to the President appears to be solely premised on *respondeat-superior*. Thus, there is no allegation of personal involvement by the President, and no Section 1983 liability can attach. Plaintiff's claims against President Obama should be **DISMISSED**.

### C.  Six Unknown Agents

Plaintiff has also named "six unknown agents" as defendants in this case. However, Plaintiff's Complaint is entirely void of any factual allegations against these defendants. Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative

level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Id. at 545. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, ___U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557).

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, even a pro se complaint must allege facts, and not just bare, unsupported, legal conclusions. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) ("[a]t the very least ... the complaint must contain facts which state a claim as a matter of law and must not be conclusory ") (emphasis added).

"[I]n fulfilling its duty to liberally construe a civil-rights pleading," a court is not required to "divine the litigant's intent and create claims that are not clearly raised," nor is the court required to "read or construct an

argument into a civil-rights pleading." Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). Accordingly, Plaintiff's claims against the Six Unknown Agents should be **DISMISSED**.

### D.  Frivolity of the Pleadings

A reading of Plaintiff's Complaint reveals that it is mostly incomprehensible, and it is therefore difficult to gain any insight into the purported factual and legal bases for this lawsuit. The unintelligibility of most of Plaintiff's allegations may not make his complaint malicious, (unless he was deliberately obfuscatory), but it does make it frivolous. See Greene v. Hanners, 2010 WL 3033762 (D. Minn. 2010). As such, the undersigned recommends dismissal of the complaint pursuant to 28 U.S.C. § 1915A(b)(1).

### IV.  CONCLUSION

Accordingly, I recommend the following: (1) the Motion to Proceed IFP (Doc. 5) be **DENIED**; and (2) Plaintiff's Complaint (Doc. 1) be **DISMISSED** as it fails to state a claim under Section 1983. I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

Having filed this action, Plaintiff remains liable for the filing fee.  See e.g., In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (Even if the petition is dismissed, the full filing fee is still assessed because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or file an appeal.)  For this reason, I further recommend the clerk of the court be directed to collect the $350.00 filing fee from the Plaintiff.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED this 10th day of February 2011.**

>            /s/   *Erin L. Setser*
>            HON. ERIN L. SETSER
>            U.S. MAGISTRATE JUDGE